**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 24, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

WAGONER COUNTY RURAL WATER
DISTRICT NO. 2; WAGONER
COUNTY RURAL WATER DISTRICT
NO. 7; WAGONER COUNTY RURAL
WATER DISTRICT NO. 9; CHEROKEE
COUNTY RURAL WATER DISTRICT
NO. 11; PEGGS WATER COMPANY,
an Oklahoma Not-For-Profit corporation;
TRI-B NURSERY, INC., an Oklahoma
corporation,

        Plaintiffs - Appellants,

    v.

GRAND RIVER DAM AUTHORITY;
UNITED STATES OF AMERICA;
FEDERAL ENERGY REGULATORY
COMMISSION; UNITED STATES
ARMY CORPS OF ENGINEERS;
OKLAHOMA WATER RESOURCES
BOARD; CHEROKEE NATION OF
OKLAHOMA,

        Defendants - Appellees.

No. 08-5120

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**
**(D. Ct. No. 4:07-CV-00642-CVE-PJC)**

---

C. Matthew Bickell (Steven M. Harris, with him on the briefs), Doyle Harris
Davis & Haughey, Tulsa, Oklahoma, appearing for Appellants.

James M. Reed (John T. Richer, with him on the brief), Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C., Tulsa, Oklahoma, appearing for Appellee Grand River Dam Authority.

Kathryn E. Kovacs, Attorney, United States Department of Justice, Environmental & Natural Resources Division, Appellate Section, Washington, D.C. (Ronald J. Tenpas, Assistant Attorney General, and Ellen J. Durkee, Attorney, United States Department of Justice, Environmental & Natural Resources Division, Appellate Section, Washington, D.C.; and David E. O'Meilia, United States Attorney, and Cathryn D. McClanahan, Assistant United States Attorney, Office of the United States Attorney for the Northern District of Oklahoma, Tulsa, Oklahoma, with her on the brief), appearing for Appellees United States of America, Federal Energy Regulatory Commission, and the United States Army Corps of Engineers.

---

Before **TACHA**, **O'BRIEN**, and **GORSUCH**, Circuit Judges.

---

**TACHA**, Circuit Judge.

---

In a dispute over water rights, six plaintiffs—four water districts, a non-profit corporation, and a private nursery—sued several defendants, including defendants-appellees Grand River Dam Authority ("GRDA"), the United States, and the United States Army Corps of Engineers. The district court dismissed GRDA on Eleventh Amendment immunity grounds and the federal defendants on sovereign immunity grounds. The plaintiffs appeal both dismissals. We have jurisdiction under 28 U.S.C. § 1291, and we conclude that all defendants are immune from suit. We therefore AFFIRM the district court's dismissal of the plaintiffs' complaint.

# I. BACKGROUND

GRDA is an Oklahoma agency created to control, store, preserve, and distribute the waters of the Grand River and its tributaries. Okla. Stat. tit. 82, § 861. The Grand River flows into the Fort Gibson Reservoir, which lies on federal land. Pursuant to its statutory grant of authority, GRDA has sold water from the Grand River to the plaintiffs and other third parties for decades.

In November 2007, the plaintiffs filed this lawsuit, seeking (1) a declaration regarding the plaintiffs' and defendants' interests in the water impounded at the Fort Gibson Reservoir, the water that flows into the reservoir (including the Grand River), and subsurface water taken from wells on nearby land (collectively, "Grand River water"); (2) an injunction prohibiting GRDA from charging the plaintiffs for Grand River water; and (3) restitution for all amounts previously paid to GRDA for Grand River water. GRDA moved to dismiss the complaint under Rule 12(b)(1) of the Federal Rules of Civil Procedure based on Eleventh Amendment immunity. In response, the plaintiffs argued that GRDA had waived any claim to immunity because it had previously invoked the jurisdiction of the federal courts. Specifically, GRDA had sued the United States following completion of the Fort Gibson Dam, contending that the United States had not fully compensated GRDA for taking its right to develop water and electric power at the dam site. *See United States v. Grand River Dam Auth.*, 363 U.S. 229, 231 (1960) (hereinafter, "the takings case"). According to the plaintiffs,

GRDA waived its immunity in the takings case, and the waiver extends to this case because the cases involve the same subject matter. The district court held that GRDA had not waived immunity from the plaintiffs' suit and dismissed the plaintiffs' claims. *Wagoner County Rural Water Dist. No. 2 v. Grand River Dam Auth.*, No. 07-cv-0642-CVE-PJC, 2008 WL 542955, at *3–4, *8 (N.D. Okla. Feb. 25, 2008).

The plaintiffs then filed an amended complaint, seeking a declaration of the plaintiffs' rights in the Grand River water as against the United States, the Federal Energy Regulatory Commission, and the United States Army Corps of Engineers. The court granted the defendants' motion to dismiss under Rule 12(b)(1), citing sovereign immunity. *Wagoner County Rural Water Dist. No. 2 v. United States*, No. 07-cv-0642-CVE-PJC, 2008 WL 2853206, at *4 (N.D. Okla. July 21, 2008). The plaintiffs appeal both dismissals. They assert that GRDA's litigation of the takings case amounted to a waiver of immunity that extends to the current suit, and that the United States and the U.S. Army Corps of Engineers (collectively, "the United States") consented to suit under the McCarran Amendment. *See* 43 U.S.C. § 666(a).[1]

---

[1]In its first order of dismissal, the court determined that defendant Oklahoma Water Resources Board was also entitled to Eleventh Amendment immunity. The court later dismissed Cherokee Nation based on sovereign immunity. The plaintiffs also agreed to dismiss defendant Federal Energy Regulatory Commission. The plaintiffs do not appeal these dismissals.

## II. DISCUSSION

A.    GRDA and Eleventh Amendment Immunity

The Eleventh Amendment is a jurisdictional bar that precludes unconsented suits in federal court against a state and arms of the state. *See Steadfast Ins. Co. v. Agric. Ins. Co.*, 507 F.3d 1250, 1252–53 (10th Cir. 2007).[2]  A state may, however, waive its immunity. *See Lapides v. Bd. of Regents*, 535 U.S 613, 618 (2002).  "Generally, we will find a waiver either if the State voluntarily invokes our jurisdiction, or else if the State makes a clear declaration that it intends to submit itself to our jurisdiction." *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 675–76 (1999) (quotations and citation omitted).  Put another way, "'where a State *voluntarily* becomes a party to a cause and submits its rights for judicial determination, it will be bound thereby and cannot escape the result of its own voluntary act by invoking the prohibitions of the Eleventh Amendment.'" *Lapides*, 535 U.S. at 619 (quoting *Gunter v. Atl. Coast Line R.R.*, 200 U.S. 273, 284 (1906)).  This rule is based on "the problems of inconsistency and unfairness that a contrary rule of law would create." *Id.* at 622.  Thus, courts have found waiver of Eleventh Amendment immunity when a state removes an action to federal court and then asserts Eleventh Amendment immunity, *see id.* at 620; when a state initiates a patent interference proceeding

---

[2]It is undisputed that GRDA qualifies as an arm of the state. *See Steadfast*, 507 F.3d at 1256.

and then attempts to shield itself from an appeal in that proceeding, *see Vas-Cath, Inc. v. Curators of the Univ. of Mo.*, 473 F.3d 1376, 1378 (Fed. Cir. 2007); when a state subjects itself to administrative proceedings, including an appeal to federal district court, that it later claims are precluded by the Eleventh Amendment, *see New Hampshire v. Ramsey*, 366 F.3d 1, 15–16 (1st Cir. 2004); and when a state submits to a judicial determination that an entity has no tax liability but then asserts immunity when the nontaxable entity later files an ancillary petition seeking to enforce the terms of the original determination. *See Gunter*, 200 U.S. at 281–82, 291–93.

Given this legal framework, we disagree with the plaintiffs that GRDA has waived immunity from this suit. The circumstances of the takings case and the one at hand are distinguishable in key respects from those cases in which courts have found waiver effected by litigation conduct. To begin, the takings case was asserted against the United States, not against the plaintiffs or other private citizens or entities. It is hornbook law that a state is not sovereign to the United States and does not enjoy Eleventh Amendment immunity from suits by the United States. *See United States v. Mississippi*, 380 U.S. 128, 140 (1965) ("[N]othing in [the Eleventh Amendment] or any other provision of the Constitution prevents or has ever been seriously supposed to prevent a State's being sued by the United States."). It should be equally apparent that a state cannot waive an immunity defense to which it has no entitlement. Thus, it is

difficult to perceive how GRDA waived its current claim to immunity based on the takings case, which involved claims against a party to which GRDA could not have asserted, and therefore could not have waived, Eleventh Amendment immunity. *Cf. Biomedical Patent Mgmt. Corp. v. California*, 505 F.3d 1328, 1339 (Fed. Cir. 2007) (determining first whether the state waived its immunity in a prior lawsuit and then addressing whether that waiver extended to a later lawsuit).

Moreover, the takings case and the one before us are distinct lawsuits involving different issues and different litigants. The cases therefore present a different posture than the singular proceedings in *Lapides*, *Vas-Cath*, *Ramsey*, and *Gunter*. *See id.* at 1336–38 (describing *Lapides* as involving "the same action," *Gunter* as involving "one continuous action," *Vas-Cath* as involving "a later phase of a *continuous* proceeding," and *Ramsey* as involving "one continuous proceeding"). In addition, and contrary to the plaintiffs' assertion, the takings case did not determine the extent (if any) of GRDA's ownership interest in the Grand River water itself. Rather, the sole issue was whether the United States owed any additional compensation to GRDA for taking GRDA's purported interests in water power and developing electric power and energy at Fort Gibson Dam. *Grand River Dam Auth.*, 363 U.S. at 231. And even if GRDA's interest in the water itself was at issue in the takings case, that case did not decide GRDA's interest vis-a-vis the current plaintiffs—none of whom were parties or are privies to the parties in the takings case. The importance of this distinction is

straightforward: considerations of unfairness and inconsistency—the underpinnings of the waiver-by-litigation-conduct rule as emphasized in *Lapides*, *Vas-Cath*, *Ramsey*, and *Gunter*—are simply not present when the current suit is factually and legally distinct from the previous action. *See Biomedical*, 505 F.3d at 1340.

To be clear, we do not assume that waiver in one case extends to another, so long as the two suits involve the same parties and subject matter. Indeed, the only court to have addressed this precise issue has rejected the argument "that waiver of immunity in one suit should extend to a separate action *simply because* the action involves the same parties and same subject matter," and instead held that the waiver of immunity in a suit dismissed for improper venue did not extend to a refiled suit between the same parties and addressing the same claims. *Id.* at 1339. We need not, however, determine precisely the extent to which waiver in a prior case might extend to a future one. It is enough to say here that any waiver of immunity in the takings case[3] does not extend to the present lawsuit. The district court correctly held as much and properly dismissed the complaint against GRDA for lack of jurisdiction.

B.     Sovereign Immunity

The plaintiffs' claims against the United States are governed by principles

_____

[3]Again, we retain serious doubts that GRDA could have waived any immunity in the takings case, as it involved claims against the United States.

-8-

of federal sovereign immunity. "The concept of [federal] sovereign immunity means that the United States cannot be sued without its consent." *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Jacks*, 960 F.2d 911, 913 (10th Cir. 1992). Unlike Eleventh Amendment immunity, consent to suit cannot be implied. Rather, consent may be found "only when Congress unequivocally expresses its intention to waive the government's sovereign immunity in the statutory text." *United States v. Murdock Mach. & Eng'g Co. of Utah*, 81 F.3d 922, 930 (10th Cir. 1996) (quotations and alterations omitted). "[A]ny waiver of sovereign immunity must be construed strictly in favor of the sovereign and not enlarged beyond what its language requires." *Haceesa v. United States*, 309 F.3d 722, 728 (10th Cir. 2002) (quotations omitted).

The plaintiffs contend that Congress abrogated the United States' sovereign immunity by enacting the McCarran Amendment, 43 U.S.C. § 666(a). Under the McCarran Amendment, "[c]onsent is given to join the United States as a defendant in any suit . . . for the adjudication of rights to the use of water of a river system or other source . . . ." 43 U.S.C. § 666(a). The McCarran Amendment was intended to avoid piecemeal adjudication of water rights. *Colorado River Conservation Dist. v. United States*, 424 U.S. 800, 819 (1976). *See also Jicarilla Apache Tribe v. United States*, 601 F.2d 1116, 1130 (10th Cir. 1979) (the McCarran Amendment "manifests the Congressional intent to accomplish in one forum the general settlement of water rights of many users of a

river system or other source."). Therefore, any waiver of immunity pursuant to the amendment is limited to comprehensive actions involving the determination of *all* rights in a particular water system. *Fent v. Okla. Water Res. Bd.*, 235 F.3d 553, 555 (10th Cir. 2000). *See also Arizona v. San Carlos Apache Tribe of Ariz.*, 463 U.S. 545, 551 (1983). Put another way, the United States has not consented to suits in which fewer than all claimants to water rights are made parties. *See Dugan v. Rank*, 372 U.S. 609, 618–19 (1963); *see also Gardner v. Stager*, 103 F.3d 886, 888 (9th Cir. 1996) (dismissing complaint of two individual cattle ranchers because "[t]he McCarran Amendment does not authorize private suits to adjudicate water rights between particular claimants and the United States").

The case before us, which involves only four water districts, a non-profit corporation, and a private nursery, is far from the comprehensive suit contemplated by the McCarran Amendment. The district court correctly concluded that GRDA, at least, must be part of the adjudication for the McCarran Amendment to apply. *Wagoner County*, 2008 WL 2853206, at *3. The United States identifies other potential claimants, such as additional appropriators, riparian land owners, and the Cherokee Nation. The plaintiffs assert that the takings case determined that GRDA had no rights to the Grand River water; accordingly, GRDA and entities that appropriate water through GRDA need not be claimants because they similarly have no rights to the water at issue. As explained, however, we disagree with this reading of the takings case. Because

-10-

not all potential claimants to the Grand River water have been made parties to this action, the United States has not consented to suit. Thus, the district court properly dismissed the complaint against the United States for lack of jurisdiction.

### III. CONCLUSION

For the reasons stated above, the district court did not have jurisdiction to consider the plaintiffs' claims against either GRDA or the United States. Both orders of dismissal are therefore AFFIRMED.