FILED
United States Court of Appeals
Tenth Circuit

**February 2, 2015**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

FRANK PARKER,

        Plaintiff-Appellant,

v.

THIRD DISTRICT JUVENILE
COURT, STATE OF UTAH; CHILD
PROBATION; GUARDIAN AD
LITEM'S OFFICE; UTAH DIVISION
OF CHILD AND FAMILY
SERVICES; SALT LAKE
OBSERVATION AND
ASSESSMENT,

        Defendants-Appellees.

No. 14-4127
(D.C. No. 2:14-CV-00036-CW)
(D. of Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **TYMKOVICH**, and **PHILLIPS**, Circuit Judges.[**]

Frank Parker brought federal civil rights claims against several entities,

including one of Utah's juvenile courts and its Division of Child and Family

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Services (DCFS).  Because he proceeds pro se, we "review his pleadings and filings liberally."  *Lewis v. C.I.R.*, 523 F.3d 1272, 1273 n.1 (10th Cir. 2008).  But he waived any challenge to the district court's dismissal of his claims on Eleventh Amendment grounds because he failed to challenge that dismissal before this court.  Moreover, the *Rooker-Feldman*[1] doctrine precluded the district court from adjudicating the case.  Consequently, exercising jurisdiction under 28 U.S.C. § 1291, we AFFIRM the dismissal of Parker's claims.

## I.  Background

Our liberal construction of Parker's complaint reveals the following relevant allegations.

In 2013, Parker's teenage daughter was apparently involved in a traffic incident leading to an "unlicensed driver" charge against her.  The state court set a hearing related to this incident. At some point before the hearing Parker discussed the case with his daughter's probation officer.  As relevant here, he alleges they discussed the possibility his daughter "might not appear at court on her court date."  R., Vol. I at 11.  Apparently, his daughter was listed as a teen runaway at the time.  On the morning of the hearing, Parker again spoke with the probation officer via phone.  During that conversation, Parker informed the probation officer that due to his (Parker's) lack of success in contacting his

---

[1]  *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

daughter, he doubted she would appear for the hearing.  According to Parker, the probation officer indicated that Parker's presence at the hearing was unnecessary if his daughter was not there.  Parker says the probation officer agreed to call him if his daughter in fact appeared at the hearing and that, although his daughter appeared, he received no call.

At the hearing, it appears the probation officer recommended to the court that Parker's daughter stay with her grandmother until a second hearing later that month.  The court adopted this recommendation.  Although Parker appears to complain about the second hearing, his objections are unclear.[2]  As best we can tell, he chiefly objects to the result, which appears to have been the state court's permanent removal of Parker's daughter from his custody.

Finally, Parker alleges that at unspecified times before this lawsuit's commencement, defendants (1) illegally sedated his daughter, and (2) violated court orders governing the custody and care of his daughter.

Parker subsequently—and as far as we can tell, without taking any further state court action—filed suit in federal court.  Although the requested relief is vague in the complaint, Parker characterizes his complaint as requesting that "his daughter be returned to his custody immediately" because "the biases and errors

_____

[2]  Indeed, he fails to clearly explain the nature of the October 10 and 21 hearings.  The most we can say is that the October 10 hearing appeared to be related to the driving incident, while the October 21 hearing appeared to be related to the long-term custody of Parker's daughter.

of the state court violate[] his constitutional rights." Aplt. Br. at 9. We construe

his complaint as requesting that relief.

The magistrate judge recommended dismissal on the basis of the *Rooker-*

*Feldman* doctrine, *Younger*[3] abstention, and Eleventh Amendment immunity. The

district court adopted that recommendation in full. This appeal followed.

## II. Analysis

Parker's complaint and appellate briefing is far from clear. As best we can

tell, his claims can be divided into two categories. First, he assails several

actions and inactions of the juvenile court and its probation officers relating to the

first and second hearings that he claims "violate[d] [his] rights guaranteed by the

Fourteenth Amendment and [Utah statutes]." Reply Br. at 4; *see also* R., Vol. I at

8–9, 13, 16, 19–21 (alleging various procedural failures and conspiracies to

violate constitutional rights, including failure to comply with Utah statutes and

denying several of his motions). Second, he attacks several actions taken by

DCFS. Only two of those claims are intelligible: (1) that DCFS "illegal[ly]"

authorized the administration of "mind altering" drugs to his daughter, and (2)

that DCFS failed to comply with court orders regarding his daughter. R., Vol. I at

22–23; Aplt. Br. at 14.[4] In sum, he claims these actions comprised a conspiracy

---

3 *Younger v. Harris*, 401 U.S. 37 (1971).

4 It is unclear whether Parker ever properly served DCFS in this action.

(continued...)

culminating in the state court's unconstitutional removal of his child from his home.

We turn first to the Eleventh Amendment issue.

"The Eleventh Amendment is a jurisdictional bar that precludes unconsented suits in federal court against a state and arms of the state." *Wagoner Cnty. Rural Water Dist. No. 2 v. Grand River Dam Auth.*, 577 F.3d 1255, 1258 (10th Cir. 2009). The district court concluded the Eleventh Amendment barred Parker's claims.

Despite the requirement that an appellant's brief must contain an argument including his "contentions and the reasons for them," Fed. R. App. P. 28(a)(8)(A), Parker completely fails to dispute the district court's Eleventh Amendment conclusion. Although we construe a pro se litigant's papers liberally, we will not "take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Thus, Parker waived any challenge to the district court's Eleventh Amendment decision. *City of Colo. Springs v. Solis*, 589 F.3d 1121, 1135 n.5 (10th Cir. 2009).

---

[4](...continued)
Appellees claim they do "not represent DCFS" and that their arguments "relate solely to the allegations against the Utah State judiciary and its employees." Aple. Br. at 3 n.1. The certificate of service in the record does not reflect that Parker mailed this complaint to DCFS. *See* R., Vol. I at 29. This is at any rate a moot point, because we conclude Parker's complaint is unsustainable in any event.

We could affirm solely on the basis of waiver.  But *Rooker-Feldman* further barred district court review.  That doctrine prevents district courts from reviewing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).  Parker's first category of claims are precisely the type of impermissible requests for district-court reversal of state-court action precluded by *Rooker-Feldman*.  The doctrine also applies to the second category of claims to the extent the relief requested—the return of Parker's daughter to his custody—would require reversing the state court's custody decision.  Rather than address the implications of the doctrine, Parker merely conclusorily suggests that federal law provides "a complete and sufficient basis for jurisdiction in federal court irrespective of [] *Rooker-Feldman*."  Aplt. Br. at 8.  That is incorrect.

The district court correctly dismissed this case.  We thus need not address the other grounds for dismissal or Parker's derivative arguments on appeal.

## III.  Conclusion

We AFFIRM the dismissal of Parker's case.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge