**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**January 31, 2024**

_____

**Christopher M. Wolpert**
**Clerk of Court**

LONNIE NORTON,

    Plaintiff - Appellant,

v.

MICHAEL PARSONS; DANNY WHITE;
F. MCNIELL; FNU ROMERO,

    Defendants - Appellees.

No. 23-4055
(D.C. No. 4:20-CV-00038-DN)
(D. Utah)

_____

### ORDER AND JUDGMENT[*]
_____

Before **HARTZ**, **PHILLIPS**, and **McHUGH**, Circuit Judges.
_____

Lonnie Norton, a Utah state prisoner proceeding pro se, appeals the district

court's denial of his motion for a preliminary injunction as moot. Exercising

jurisdiction under 28 U.S.C. § 1292(a)(1), we affirm.

### I. BACKGROUND

In the action underlying this appeal, Mr. Norton alleged in relevant part that

between August 2018 and March 2019, while he was incarcerated at the Central Utah

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Correctional Facility (CUCF), the defendants, instead of providing proper dental care, intentionally caused two repairable teeth to break, resulting in the need for dental implants that the Utah Department of Corrections (UDOC) refused to provide. He alleged this treatment was caused by a policy, custom, or practice to pull teeth that could otherwise be saved "'rather than wasting time and money fixing teeth of criminals.'"  R., Vol. I at 17, ¶ 31 (allegedly quoting defendant White).  He also alleged that ten unidentified UDOC employees or contractors (named as John Doe defendants) interfered with his attempts to schedule appointments, thereby enabling the policy, custom, or practice.

Mr. Norton asserted a 42 U.S.C. § 1983 claim, contending that his dental treatment constituted cruel and unusual punishment prohibited by the Eighth Amendment to the United States Constitution and the Fourteenth Amendment's Due Process Clause.  He also asserted that the treatment violated parallel provisions of the Utah Constitution (Article 1, §§ 7 & 9) and amounted to negligence under Utah law.

As defendants, Mr. Norton named two dentists at CUCF, Michael Parsons and Danny White (together, the Dentists), and ten John Does, all in their individual capacities for damages and in their official capacities for prospective injunctive relief.  Mr. Norton alleged that UDOC employed or contracted with the Dentists and the John Does.[1]  In addition to monetary damages, Mr. Norton asked for "[i]njunctive

---

[1] According to the *Martinez* report filed in this case, the Dentists were UDOC employees.  *See* R., Vol. II at 83, ¶ 2 (Parsons declaration); *id.* at 88, ¶ 2 (White declaration).

relief to enjoin the [UDOC] to repair [his] damaged teeth or replace his teeth with permanent dental implants by a competent professional at [UDOC's] expense." R., Vol. I at 25, ¶ D. He did not name the UDOC or its director as a defendant.

Mr. Norton also filed a motion for a preliminary injunction. He asked the district court to order "the defendants, their officers, employees, agents, and any persons working with them," *id.* at 206, to arrange for a dental implant specialist outside the prison system to replace the two broken teeth with dental implants. The district court denied the motion as moot because Mr. Norton had been transferred to a different prison facility. The court also noted that Dr. White had "left CUCF in April 2019" and was therefore "unavailable to provide injunctive relief." *Id.* at 1137 n.3.

## II.  STANDARD OF REVIEW

We review the denial of a motion for a preliminary injunction for an abuse of discretion. *See Citizens United v. Gessler*, 773 F.3d 200, 209 (10th Cir. 2014). "Under this standard of review, we examine the district court's legal determinations de novo, and its underlying factual findings for clear error." *Id.* (internal quotation marks omitted). Where, as here, the relevant facts are not disputed, mootness is a "question[] of law," *Rio Grande Found. v. Oliver*, 57 F.4th 1147, 1159 (10th Cir. 2023), and "a district court abuses its discretion by denying a preliminary injunction based on an error of law," *Citizens United*, 773 F.3d at 209 (brackets and internal quotation marks omitted). Because Mr. Norton is pro se, we construe his filings liberally, but we may not act as his advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

3

### III.  DISCUSSION

"[T]he constitutional mootness doctrine focuses upon whether a definite controversy exists throughout the litigation and whether conclusive relief may still be conferred by the court despite the lapse of time and any change of circumstances that may have occurred since the commencement of the action." *Jordan v. Sosa*, 654 F.3d 1012, 1024 (10th Cir. 2011) (internal quotation marks omitted).  Thus, if a "prisoner's claims for . . . injunctive relief relate solely to the conditions of confinement at the penal institution at which the prisoner is no longer incarcerated, courts have concluded that they are unable to provide the prisoner with effective relief." *Id.* at 1027.  "Consequently, courts have routinely dismissed such penitentiary-specific conditions-of-confinement claims as moot." *Id.*  But "where a prisoner brings a lawsuit challenging policies that apply in a generally uniform fashion throughout a prison system, courts have been disinclined to conclude that the prisoner's . . . injunctive claims are moot, even after he has been transferred to another prison in that system." *Id.* at 1028.

Mr. Norton argues that he challenged a UDOC-wide prison policy.  And because he sought prospective injunctive relief against the Dentists in their official capacity, he contends that his claim was in effect against the State of Utah based on the notion that "'official capacity suits are simply another way of pleading an action against an entity of which an officer is an agent.'" Aplt. Opening Br. at 16 (quoting *McDonald v. Wise*, 769 F.3d 1202, 1215 (10th Cir. 2014)).  From this premise, he concludes that his transfer from CUCF to the Utah State Correctional Facility

4

(USCF) did not moot his request for preliminary injunctive relief because a State has the power "to provide prospective injunctive relief" when "a prisoner transfers to another state prison." *Id.* He also invokes the doctrine of *Ex parte Young*, 209 U.S. 123 (1908), which provides, as an exception to state sovereign immunity under the Eleventh Amendment, that "a plaintiff may bring suit against individual state officers acting in their official capacities if the complaint alleges an ongoing violation of federal law and the plaintiff seeks prospective relief." *Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1166 (10th Cir. 2012). We are not persuaded.

"[A] transferred prisoner's challenge to system-wide policies is moot where he seeks equitable relief and *only* sues prison officials at the transferor institution— that is, the institution where he was *formerly* incarcerated." *Jordan*, 654 F.3d at 1028–29. Because Mr. Norton did not seek "relief on a system-wide basis against the [UDOC] . . . or its director" but only against the Dentists and the ten John Doe defendants at CUCF, he "has not sued defendants who are actually situated to effectuate any prospective relief that this court might afford him" after his transfer to USCF. *Id.* at 1029–30.[2]

---

[2] In his reply brief, Mr. Norton argues that some of the John Doe defendants "may be the directors of prisons and [a] prison dental director," Aplt. Reply Br. at 2, "who were following [the alleged] system-wide prison policy, custom, or practice" he challenged, *id.* at 7, and "are merely placeholders in their official capacities for [UDOC] officials who will actually be subject to the injunction," *id.* at 8. He further argues that the district court should have allowed him to amend his complaint "to name Doe defendants responsible for telling or allowing [UDOC] dentists to pull as many teeth as possible," *id.* at 9 (internal quotation marks omitted), and that on remand, we should instruct the district court to grant him leave to amend. In support of these arguments, he has attached to his reply brief copies of a currently pending

The fact that Mr. Norton sought prospective injunctive relief from the Dentists and John Doe defendants in their official capacities does not lead to a different conclusion. Generally, "when a suit is brought against state officials in their official capacities, the real party in interest in the case is the state, and the state may raise the defense of sovereign immunity under the Eleventh Amendment." *Branson Sch. Dist. RE-82 v. Romer*, 161 F.3d 619, 631 (10th Cir. 1998). But this rule has an important exception applicable here: "[A] suit against a state official in his or her official capacity seeking *prospective injunctive relief* is not considered a suit against the state for Eleventh Amendment purposes." *Id.* (emphasis added). Thus, "official-capacity actions for prospective relief are not treated as actions against the State." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989) (internal quotation marks omitted) (citing, among other authorities, *Ex parte Young*, 209 U.S. at 159–60);

---

motion for leave to file an amended complaint and a proposed amended complaint that he tendered to the district court long after the court denied his motion for a preliminary injunction.

Mr. Norton did not raise these arguments in his opening brief. "We generally do not consider arguments raised for the first time in a reply brief." *Sierra Club v. Okla. Gas & Elec. Co.*, 816 F.3d 666, 676 n.9 (10th Cir. 2016). We decline to do so here. Although Mr. Norton's proposed amended complaint names the UDOC's Executive Director and Dental Director as defendants, "[w]e generally limit our review on appeal to the record that was before the district court when it made its decision," *Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 648 (10th Cir. 2008). And nothing in that record fairly alerted the district court that the UDOC's Executive Director or Dental Director might be among the ten John Doe defendants Mr. Norton identified in his complaint, who allegedly impeded his attempts to schedule appointments, thereby furthering the alleged policy, custom, or practice he challenged.

*see also Williams v. Utah Dep't of Corr.*, 928 F.3d 1209, 1214 (10th Cir. 2019)

("[T]he *Ex parte Young* exception . . . applies only to individual defendants.").

Under this framework, Mr. Norton's claim for prospective injunctive relief

against the Dentists and John Doe defendants in their official capacities cannot be

treated as a claim against the State of Utah. Nor could it be treated as a claim against

the UDOC because the UDOC is an arm of the State of Utah. *See* Utah Stat. Ann.

§ 64-13-2 (creating the UDOC as "the state authority for corrections"); *Wagoner*

*Cnty. Rural Water Dist. No. 2 v. Grand River Dam Auth.*, 577 F.3d 1255, 1258

(10th Cir. 2009) ("The Eleventh Amendment is a jurisdictional bar that precludes

unconsented suits in federal court against a state *and arms of the state*." (emphasis

added)). It can only be treated as an official-capacity claim against the Dentists and

the John Doe defendants. And as we have already explained, they cannot provide

Mr. Norton the prospective injunctive relief he seeks because he is no longer

incarcerated at CUCF.

Taking a different tack, Mr. Norton contends that his request for a preliminary

injunction is not moot because, under Federal Rule of Civil Procedure 25(d), "any

dentist at USCF" could be substituted in his or her official capacity for Dr. White,

who, as the district court noted, has left the CUCF. Aplt. Opening Br. at 20. In

relevant part, Rule 25(d) provides: "An action does not abate when a *public officer*

who is a party in an official capacity dies, resigns, or otherwise *ceases to hold office*

while the action is pending. The officer's successor is automatically substituted as a

party." Fed. R. Civ. P. 25(d) (emphasis added). Mr. Norton, however, offers no

authority that Rule 25(d) applies in the circumstances here.  And relevant authority appears to be to the contrary.  *See Steffen v. Bunnell*, No. 94-15226, 1995 WL 317034, at *2 (9th Cir. May 23, 1995) (unpublished) (concluding, in a § 1983 action seeking injunctive relief based on a conditions-of-confinement claim, that reliance on Rule 25(d) to avoid mootness was "unavailing" because "the named Defendants [had] not been succeeded by others:  [Plaintiff had] simply transferred to a new prison run by different officials."); *Buck v. Young*, No. 17-cv-00270, 2022 WL 510407, at *1–2 (S.D. Ill. Feb. 21, 2022) (unpublished) (declining to substitute warden at transferee prison for named defendant-warden at transferor prison on official-capacity claims that included request for injunctive relief in the nature of medical care); *Gray v. Ritter*, No. CIV-11-1446, 2014 WL 37745, at *1, *7 (W.D. Okla. Jan. 6, 2014) (unpublished) (denying motion to substitute deceased prison employee's successor in part because the employee (apparently a guard) "was not a public officer within the meaning of Rule 25(d)" (internal quotation marks omitted)); *Spiteri v. Riverside Cnty.*, No. ED CV 11-00822, 2013 WL 1498917, at *2 n.1 (C.D. Cal. Mar. 13, 2013) (concluding that Rule 25(d) was inapplicable because sheriff's deputy "did not hold public office"), *report and recommendation adopted*, No. ED CV 11-00822, 2013 WL 1498915 (C.D. Cal. Apr. 10, 2013).

Finally, Mr. Norton argues more generally that the district court abused its discretion by not explaining why his transfer mooted his motion for a preliminary injunction and not addressing the factors a movant must meet to obtain a preliminary injunction.  But the court cited case law supporting its mootness determination, with

8

which we agree.  And because Mr. Norton's transfer mooted his motion for a preliminary injunction, it would have been improper for the district court to opine on the motion's merits.  *See Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) ("[A] federal court has no power to give opinions upon moot questions . . . .").

## IV.  CONCLUSION

We affirm the district court's denial of Mr. Norton's motion for a preliminary injunction.  We grant Mr. Norton's motion to proceed on appeal in forma pauperis.

Entered for the Court


Harris L Hartz
Circuit Judge