**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 8, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

REGINALD WILLIAMS,

    Plaintiff - Appellant,

v.

UTAH DEPARTMENT OF
CORRECTIONS; BRIAN ALLGAIER,
Utah Dept of Corrections; MATTHEW B.
ANDERSON, Utah Dept of Corrections;
CRAIG BALLS, Utah Dept of Corrections;
ALFRED C. BIGELOW, Utah Dept of
Corrections; LARRY BUSSIO, Utah Dept
of Corrections; JOHN CAPELL, Dept of
Corrections; BILLIE CASPER, Dept of
Corrections; RICHARD K. ELLIS,
Treasurer's Office; PAUL GARDNER,
Dept of Corrections; MIKE HADDON,
Dept of Corrections; RAYMOND
KNIGHT, Dept of Corrections; DOUG
RICHINS; ROSELLE MILLER, Div of
Purchasing; GARY SESSIONS, Dept of
Corrections; HELEN SHREVE, Dept of
Corrections; PAMELA SORENSEN, Dept
of Corrections; ROBERT STRONG, Dept
of Corrections; STEVEN TURLEY, Dept
of Corrections,

    Defendants - Appellees,

and

ZIONS FIRST NATIONAL BANK;
ZIONS BANCORPORATION; A. SCOTT
ANDERSON; DEREK LOUTENSOCK;
JACK MAY; VIRGINIA SMITH, Zions

No. 18-4058

Bank,

    Defendants.

_____

**Appeal from the United States District Court
for the District of Utah
(D.C. No. 2:13-CV-00319-DN)**

_____

Submitted on the briefs:[*]

Wesley D. Felix, Deiss Law PC, Salt Lake City, Utah, for Plaintiff-Appellant.

Joshua D. Davidson, Assistant Utah Solicitor General, Salt Lake City, Utah, for Defendants-Appellees.

_____

Before **McHUGH**, **BALDOCK**, and **KELLY**, Circuit Judges.

_____

**BALDOCK**, Circuit Judge.

_____

    Reginald Williams, an inmate at the Utah Department of Corrections (UDOC), appeals the judgment entered in favor of UDOC and numerous prison officials on his claim that UDOC failed to pay interest on prison accounts in violation of the Takings Clause of the Fifth Amendment, and that prison officials retaliated against him for raising this claim. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm, albeit for reasons other than those stated by the district court, and remand with instructions to the district court to dismiss Mr. Williams' claims without prejudice.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument.

2

## I.  BACKGROUND

Believing that Utah state law requires UDOC to pay interest on prison accounts, Mr. Williams investigated the relationship between UDOC and Zions First National Bank (Zions Bank).  Based on his investigation, he concluded that Zions Bank had a contract with UDOC to hold prisoner funds in an account administered by UDOC, and that the interest earned on the funds was illegally retained by the bank, when it should have been paid to the prisoners who owned the funds.  Mr. Williams believed that, in response to this investigation, UDOC retaliated against him by, among other things, seizing his legal papers and giving him a negative parole report, which resulted in the denial of parole.  He claimed that he was a model prisoner who was similarly situated to other prisoners who had been granted parole.

Mr. Williams, then proceeding pro se, filed suit pursuant to 42 U.S.C. § 1983, against UDOC, numerous prison officials, Zions Bank, and several Zions Bank employees.  He alleged takings and due-process constitutional violations for withholding interest on inmate funds, and retaliation in violation of the First Amendment for raising these issues.[1]  After the district court appointed counsel for Mr. Williams, all defendants filed motions to dismiss.  The district court dismissed all claims except the retaliation claim, and dismissed all defendants except five prison officials.  The remaining defendants then filed a motion for summary judgment on the retaliation claim, which the district court granted.

---

[1] Mr. Williams also alleged various conspiracies to commit antitrust violations, to conceal wrongdoing, and to retaliate, but he has abandoned the conspiracy claims.

In their motion to dismiss, UDOC and the prison-official defendants (collectively, the UDOC Defendants) asserted Eleventh Amendment immunity, claiming that as an arm of the State of Utah, UDOC was immune from suit, and that the prison personnel were similarly immune from suit for claims against them in their official capacities. Mr. Williams presented no argument regarding the Eleventh Amendment, and the district court did not address Eleventh Amendment immunity in any of its rulings. On appeal, the UDOC Defendants renew their argument that they are immune from suit under the Eleventh Amendment.

## II. DISCUSSION

### A. Eleventh Amendment Immunity

The Eleventh Amendment states, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend XI. The Eleventh Amendment bars suits in federal court against a nonconsenting state brought by the state's own citizens. *See Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). This immunity extends to arms of the state and to state officials who are sued for damages in their official capacity. *See Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013). "[O]nce effectively asserted[,] [Eleventh Amendment] immunity constitutes a bar to the exercise of federal subject matter jurisdiction." *Fent v. Okla. Water Res. Bd.*, 235 F.3d 553, 558-59 (10th Cir. 2000) (emphasis omitted).

4

As noted above, the district court did not rule on the UDOC Defendants' motion to dismiss based on Eleventh Amendment immunity. In general, "the better practice on issues raised below but not ruled on by the district court is to leave the matter to the district court in the first instance." *Rife v. Okla. Dep't of Pub. Safety*, 854 F.3d 637, 653 (10th Cir. 2017) (brackets and internal quotation marks omitted) (remanding issue to district court). But even though the district court did not rule on the Eleventh Amendment issue, it is a purely legal one that can be decided on the record. *See Manzanares v. Higdon*, 575 F.3d 1135, 1146 n.10 (10th Cir. 2009) ("Although the district court did not reach this issue, it is a purely legal determination that was argued below and that we may decide on the record."). Moreover, we may consider Eleventh Amendment immunity sua sponte. *See Colby v. Herrick*, 849 F.3d 1273, 1278 (10th Cir. 2017) (addressing whether state officials in their official capacities were entitled to Eleventh Amendment immunity even though the district court did not rule on the question). Therefore, we consider whether the UDOC Defendants are entitled to Eleventh Amendment immunity and conclude that they are. *See Ruiz v. McDonnell*, 299 F.3d 1173, 1182 (10th Cir. 2002) (affirming dismissal of parties even though the district court did not address the ground for dismissal).

On appeal, the UDOC Defendants again invoke Eleventh Amendment immunity and seek dismissal of the complaint. Mr. Williams does not challenge UDOC's position that it is an arm of the State of Utah. Rather, he argues that Eleventh Amendment immunity does not bar his claims.

5

Mr. Williams also does not pursue claims against the prison-official defendants in their personal capacities. His opening brief consistently refers to "the Department," *see, e.g.*, Aplt. Opening Br. at 15, and in his reply brief, he confirms the term "UDOC" was "shorthand that included all those defendants acting on UDOC's behalf," Aplt. Reply Br. at 2 n.1. To the extent he argues that his collective characterization of the defendants is sufficient to sustain any personal-capacity claims, *see id.* at 10, his argument is insufficient. He has not explained which of the prison-official defendants are liable for what improper conduct. *Cf. Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008) (explaining that in § 1983 cases, where the defendants are a "government agency and a number of government actors sued in their individual capacities[,] . . . the complaint [must] make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state"). Accordingly, we consider whether Eleventh Amendment immunity bars Mr. Williams' claims against the UDOC and the prison-official defendants only in their official capacities.

Mr. Williams argues that the Eleventh Amendment does not apply to Fifth Amendment takings claims. He relies on *Lucas v. South Carolina Coastal Council*, 505 U.S. 1003 (1992), where the Supreme Court addressed a Fifth Amendment takings claim brought against the "newly created South Carolina Coastal Council," *id.* at 1008. But in that case, the Court was not asked to rule on the Eleventh Amendment or whether the defendant-Council was an arm of the state. To the extent Mr. Williams relies on *Lucas* as permitting a Fifth Amendment takings claim against all governmental agencies, including

6

UDOC, that reliance is misplaced. Eleventh Amendment immunity does not apply to "counties and similar municipal corporations," *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977), but it does apply to arms of the state, *Peterson*, 707 F.3d at 1205.

Some of the circuits that have considered whether a claim under the Fifth Amendment Takings Clause is barred by Eleventh Amendment immunity have held that it is barred, as long as a remedy is available in state court. *See Hutto v. S.C. Ret. Sys.*, 773 F.3d 536, 552 (4th Cir. 2014) (concluding "that the Eleventh Amendment bars Fifth Amendment taking claims against States *in federal court* when the *State's courts* remain open to adjudicate such claims"); *Jachetta v. United States*, 653 F.3d 898, 909-10 (9th Cir. 2011) (holding the Eleventh Amendment bars claims brought against the state in federal court under the federal Takings Clause, but state courts must be available to adjudicate such claims); *DLX, Inc. v. Kentucky*, 381 F.3d 511, 526-28 (6th Cir. 2004) (holding Eleventh Amendment immunity barred federal takings claim; stating state court "would have had to hear that federal claim"), *overruled on other grounds by San Remo Hotel, L.P. v. City & Cty. of San Francisco*, 545 U.S. 323 (2005); *see also John G. & Marie Stella Kenedy Mem'l Found. v. Mauro*, 21 F.3d 667, 674 (5th Cir. 1994) (holding "Fifth Amendment inverse condemnation claim brought directly against the State of Texas [was] barred by the Eleventh Amendment"); *Robinson v. Ga. Dep't of Transp.*, 966 F.2d 637, 638, 640-41 (11th Cir. 1992) (holding Eleventh Amendment barred plaintiffs' claim "for violation of the Fifth and Fourteenth Amendments for a taking of their property"); *Garrett v. Illinois*, 612 F.2d 1038, 1039-40 (7th Cir. 1980) (holding Fifth

7

Amendment takings claim against the state based on plaintiff's inability to earn income while incarcerated was barred by the Eleventh Amendment).

Because neither the parties nor the district court addressed whether Utah state courts would be available to adjudicate Mr. Williams' federal takings claim, we directed the parties to brief the issue. The parties agree, and our independent research confirms, that Mr. Williams' takings claim may be brought in Utah state court. *See, e.g.*, *Bingham v. Roosevelt City Corp.*, 2010 UT 37, ¶¶ 15-16, 235 P.3d 730, 735 (addressing Fifth Amendment takings claim); *see also* Utah Code Ann. § 63L-3-102(1) (recognizing a "Constitutional taking" as "a governmental action that results in a taking of private property so that compensation to the owner of the property is required by: (a) the Fifth or Fourteenth Amendment of the Constitution of the United States . . . ." (internal quotation marks omitted)).

We recognize the Supreme Court's recent holding that a property owner may bring a federal suit claiming a Fifth Amendment taking without first bringing suit in state court. *See Knick v. Twp. of Scott*, No. 17-647, 2019 WL 2552486, at *7, *13 (U.S. June 21, 2019). But *Knick* did not involve Eleventh Amendment immunity, which is the basis of our holding in this case. Therefore, we hold that the takings claim against the UDOC Defendants must be dismissed based on Eleventh Amendment immunity, and we remand this claim to the district court with instructions to dismiss it without prejudice. *See Colby*, 849 F.3d at 1278 (holding dismissal based on Eleventh Amendment immunity is without prejudice).

8

**B. Prospective Injunctive Relief Against UDOC Executive Director**

Mr. Williams asserts that Eleventh Amendment immunity does not apply to his claim against defendant Haddon, Executive Director of UDOC, in his official capacity, because an exception exists for prospective injunctive relief. "[U]nder *Ex parte Young,* 209 U.S. 123 . . . (1908), a plaintiff may bring suit against individual state officers acting in their official capacities if the complaint alleges an ongoing violation of federal law and the plaintiff seeks prospective relief." *Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1166 (10th Cir. 2012). "In determining whether the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Md. Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002) (brackets and internal quotation marks omitted).

Mr. Williams' complaint sought the following relief, which it characterized as "injunctive relief":

> (1) Require Zions [Bank] to pay Plaintiffs interest and investment income from ITFA [Inmate Trust Fund Account] funds;
> (2) Require an audit be performed on the ITFA to ensure integrity and rectify any irregularities;
> (3) Extinguish Zions' monopoly of the ITFA and;
> (4) Remove retaliatory report from Williams' file;
> (5) Require [UDOC] to place the ITFA out for bid; [and]
> (6) Require [UDOC] to insure ITFA funds under [FDIC].

Aplt. App. at 45.

The request for the prospective injunctive relief to pay interest on inmate funds was directed to Zions Bank, which is no longer a party to this case. *See* Williams'

9

Stipulation to Dismissal of Zions Bank, No. 18-4058 (10th Cir. Aug. 24, 2018). The

remaining requests for injunctive relief appear to seek relief from UDOC. The *Ex parte*

*Young* exception, however, applies only to individual defendants. *See P.R. Aqueduct &*

*Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993). Mr. Williams cites

*Stewart v. Norwood*, No. 16-3189-JAR-DJW, 2017 WL 4284971, at *6 (D. Kan. Sept.

27, 2017), where a federal district court liberally construed the pro se complaint as

seeking an order to enjoin a named prison official from an ongoing violation of his

federal rights. In contrast, Mr. Williams' complaint did not name any prison official to

be enjoined from a future violation of his federal rights.

Mr. Williams contends he brought a claim against Mr. Haddon for injunctive

relief, independent of his claims against the UDOC.[2] But the complaint alleges only that

Mr. Haddon was a member of a civil conspiracy that provided Mr. Williams with false

and misleading information. *See* Aplt. App. at 33, 34, 35. Therefore, the record does not

support a claim for injunctive relief against Mr. Haddon.

## C. Retaliation

Finally, we address Mr. Williams' retaliation claim, which is the only remaining

claim he raised on appeal. To the extent he seeks monetary damages, this claim is barred

---

[2] Mr. Williams also argues that defendant Haddon is not entitled to qualified immunity. "The defense of qualified immunity is available only in suits against officials sued in their personal capacities, not in suits against officials sued in their official capacities." *Cox v. Glanz,* 800 F.3d 1231, 1239 n.1 (10th Cir. 2015) (ellipsis and internal quotation marks omitted). Because we have determined that Mr. Williams does not pursue any personal-capacity claims, we do not address qualified immunity.

by Eleventh Amendment immunity.  *See Colby*, 849 F.3d at 1278 (holding Eleventh Amendment immunity bars official-capacity damages claims).  Although his complaint requested that the "retaliatory report" be removed from his file, Aplt. App. at 45, which could be construed as seeking prospective relief, he makes no such appellate argument.  Consequently, we do not address it.  *See, e.g.*, *Talley v. Time, Inc.*, 923 F.3d 878, 906 n.28 (10th Cir. 2019) (declining to address argument not raised on appeal).  We affirm the judgment in favor of the UDOC Defendants on the retaliation claim and remand for the district court to indicate that the dismissal is without prejudice.

## III.  CONCLUSION

We affirm the judgment, but remand with instructions to the district court to dismiss Mr. Williams' claims against the UDOC Defendants without prejudice.