# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-60674

BAY POINT PROPERTIES, INCORPORATED,

        Plaintiff - Appellant

v.

MISSISSIPPI TRANSPORTATION COMMISSION; MISSISSIPPI DEPART-
MENT OF TRANSPORTATION; DICK HALL, in his capacity as Mississippi
Transportation Commissioner; MIKE TAGERT, in his capacity as Mississippi
Transportation Commissioner; TOM KING, in his capacity as Mississippi
Transportation Commissioner; WAYNE H. BROWN, in his capacity as for-
mer Mississippi Transportation Commissioner; MELINDA MCGRATH, in
her capacity as Executive Director of the Mississippi Department of Trans-
portation; LARRY BROWN, in his capacity as former Executive Director of
Mississippi Department of Transportation, also known as Butch; DANIEL B.
SMITH, in his capacity as Administrator of the Right-of-Way Division of Mis-
sissippi Department of Transportation,

        Defendants - Appellees

United States Court of Appeals
Fifth Circuit

**FILED**
August 27, 2019

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Southern District of Mississippi

Before DAVIS, HO, and ENGELHARDT, Circuit Judges.

JAMES C. HO, Circuit Judge:

A state court jury found that Mississippi state officials violated the Tak-
ings Clause by exceeding the scope of a state easement on private property.
But the jury granted a monetary award considerably lower than the amount of

No. 18-60674

"just compensation" sought by the property owner. So the property owner, after losing on appeal in state court and unsuccessfully seeking certiorari in the U.S. Supreme Court, brought this suit in federal court. The State moved to dismiss on sovereign immunity grounds, and the district court granted the motion in an exhaustive opinion. We agree and accordingly affirm.

While this case was pending on appeal, the Supreme Court issued its decision in *Knick v. Township of Scott*, 139 S. Ct. 2162 (2019). In its supplemental briefing, the property owner contends, in effect, that *Knick* overturns prior sovereign immunity law in cases arising under the Takings Clause. But we find nothing in *Knick* to support that claim.[1]

It is well established under the Supreme Court's sovereign immunity precedents that there are "only two circumstances in which an individual may sue a State": (1) Congressional abrogation of state sovereign immunity consistent with the Enforcement Clause of the Fourteenth Amendment; or (2) State waiver of immunity. *See Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999). As the district court correctly concluded, neither of these circumstances are present in this case.

Nothing in *Knick* alters these bedrock principles of sovereign immunity law. To begin with, the Court did not even have occasion to re-consider sovereign immunity law in *Knick*, because that case involved a suit against a locality, and it is well established that local governments are not entitled to the sovereign immunity enjoyed by states. *See, e.g., N. Ins. Co. of N.Y. v. Chatham*

---

[1] In its original brief, the property owner asked us to "address the tension" between state sovereign immunity and the right to just compensation under the Fifth and Fourteenth Amendments. That determination, however, is one for the Supreme Court—not this panel. *See, e.g., McMurtray v. Holladay*, 11 F.3d 499, 504 (5th Cir. 1993) (holding that takings claims under the Fifth Amendment are "barred because under the Eleventh Amendment, a citizen may not sue his own state in federal court") (citing U.S. CONST. amend. XI; *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98 (1984)).

No. 18-60674

*County*, 547 U.S. 189, 193 (2006) ("[T]his Court has repeatedly refused to extend sovereign immunity to counties."); *Jinks v. Richland County*, 538 U.S. 456, 466 (2003) ("[M]unicipalities, unlike States, do not enjoy a constitutionally protected immunity from suit.").

Nor does anything in *Knick* even suggest, let alone require, reconsideration of longstanding sovereign immunity principles protecting states from suit in federal court. Rather, *Knick* held only that "a property owner has a claim for a violation of the Takings Clause" cognizable in federal court "as soon as a government takes his property for public use without paying for it." 139 S. Ct. at 2170. Accordingly, *Knick* did away with the previous rule requiring "a property owner [to] pursue state procedures for obtaining compensation before bringing a federal suit." *Id.* at 2173.

In other words, to the extent that *Knick* has any effect on suits against state governments, the Court simply put takings claims against state governments on equal footing with claims against the federal government. *See id.* at 2170 ("We have long recognized that property owners may bring Fifth Amendment claims against the Federal Government as soon as their property has been taken."). And nobody disputes that takings claims against the federal government require the waiver of sovereign immunity contained in the Tucker Act. *See id.* (citing 28 U.S.C. § 1491(a)(1)); *id.* at 2186 (Kagan, J., dissenting) ("The Tucker Act waives the Federal Government's sovereign immunity.").

Not surprisingly, then, the Tenth Circuit has already held that *Knick* does not alter traditional principles of state sovereign immunity. *See, e.g., Williams v. Utah Dep't of Corr.*, 928 F.3d 1209, 1214 (10th Cir. 2019) ("*Knick* did not involve Eleventh Amendment immunity, which is the basis of our holding in this case. Therefore, we hold that the takings claim against the [Utah Department of Corrections] must be dismissed based on Eleventh Amendment immunity."). We therefore affirm.

3