**FILED**
**United States Court of Appeals**
**Tenth Circuit**

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**February 24, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

_____

RICHARD RALPH MARTINEZ,

    Plaintiff - Appellant,

v.

MICHELLE L. GRISHAM; MELANIE
MARTINEZ; ROBERTA COHEN,

    Defendants - Appellees.

No. 22-2094
(D.C. No. 1:20-CV-00722-JB-LF)
(D. N.M.)

_____

## ORDER AND JUDGMENT*

_____

Before **HARTZ**, **BALDOCK**, and **McHUGH**, Circuit Judges.

_____

Richard Ralph Martinez appeals the sua sponte dismissal by the United States

District Court for the District of New Mexico of his complaint, brought under 42

U.S.C. § 1983, alleging that three New Mexico officials violated his constitutional

rights by keeping him on parole for 13 years when state law mandated that he be

discharged after two. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

* After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Under any of the state laws that possibly govern Mr. Martinez's parole, that parole had no maximum term or mandatory discharge date; therefore, Mr. Martinez fails to state a claim upon which relief can be granted.

On January 10, 1980, Mr. Martinez was charged with committing first-degree murder, a capital felony, on or about December 31, 1979. *See* N.M. Stat. Ann. § 30-2-1(A) (1978) ("Whoever commits murder in the first degree is guilty of a capital felony."). A jury convicted him of that crime, and on May 22, 1980, he was sentenced to life imprisonment. Following several periods of parole and reincarceration, Mr. Martinez was paroled to New York on December 21, 2006; he was issued a certificate of discharge from that parole in March 2019.

In July 2020, Mr. Martinez brought this suit in federal court. He alleged that by keeping him illegally on parole after state law "mandat[ed] discharge of [his] parole," the officials violated his rights under the Eighth, Eleventh,[1] Thirteenth, and Fourteenth Amendments to the United States Constitution. R. at 6. He sought damages of $10 million from each defendant.

Because Mr. Martinez proceeded *in forma pauperis*, *see Martinez v. Grisham*, No. CIV 20-0722 JB/LF, 2022 WL 3019545, at *1 (D.N.M. July 29, 2022), the

---

[1] Mr. Martinez does not specify the basis for his Eleventh Amendment claim, either in his complaint or on appeal. His complaint quotes Article I, § 11 of the New York State Constitution, labeling it the "Eleventh Amendment to the United States Constitution." R. at 5. The Eleventh Amendment to the United States Constitution bars suits against a nonconsenting state. *See Williams v. Utah Dep't of Corr.*, 928 F.3d 1209, 1212 (10th Cir. 2019). It does not provide a basis for Mr. Martinez's claim that New Mexico officials violated his constitutional rights.

2

district court sua sponte considered whether he had failed to state a claim on which relief could be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) (for *in forma pauperis* actions "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted"). It determined that Mr. Martinez had failed to state a claim and dismissed the case without prejudice under § 1915(e)(2)(B)(ii). *See Martinez*, 2022 WL 3019545, at *13–14.

On appeal Mr. Martinez makes only one argument on the merits: that the district court erred in dismissing his complaint for failure to state a claim. "Like dismissals under Rule 12(b)(6), we review *de novo* a district court's *sua sponte* dismissal pursuant to 28 U.S.C. § 1915(e)(2) in an *in forma pauperis* proceeding." *Vasquez Arroyo v. Starks*, 589 F.3d 1091, 1094 (10th Cir. 2009). "Dismissal under Rule 12(b)(6) is appropriate if the complaint alone is legally insufficient to state a claim." *Doe v. Woodard*, 912 F.3d 1278, 1299 (10th Cir. 2019).

We make two preliminary observations. First, all of Mr. Martinez's constitutional claims are predicated on his contention that New Mexico law mandated that he be discharged from parole after a certain number of years. He does not allege that the State's parole-discharge law is itself unconstitutional. Second, we note, as did the district court, that the provision of New Mexico law stipulating that an inmate "shall be required to undergo a two-year period of parole" applies only to *non-capital* felons. N.M. Stat. Ann. § 31-21-10(D) (1978); 1977 N.M. Laws Ch. 216, § 12(C); *see also Martinez*, 2022 WL 3019545, at *11–13. But, as we have explained, the district

3

court properly ruled that Mr. Martinez was convicted of a *capital* felony, *see Martinez*, 2022 WL 3019545, at *13, and Mr. Martinez does not contest this ruling. He merely argues in the alternative before this court that his parole should have lasted only five years, which is the minimum (but not the maximum) term of parole for a capital felon. *See* N.M. Stat. Ann. § 31-21-10(B) (1978); 1980 N.M. Laws, Ch. 28, § 1(B); 1977 N.M. Laws Ch. 216, § 12(B).

It is not clear which parole law governing capital felons applies to Mr. Martinez. But under any of New Mexico's parole laws in place from 1955 through the present, Mr. Martinez's parole had no maximum term or mandatory discharge date. Beginning in 1955, New Mexico law provided that for any conviction:

> The period served on parole shall be deemed service of the time of imprisonment, and . . . *the total time served may not exceed the maximum term or sentence*. When a prisoner on parole has performed the obligations of his release for such time as shall satisfy the [parole] board that his final release is not incompatible with his welfare and that of society, the board may make a final order of discharge and issue a certificate of discharge to the prisoner; but no such order of discharge shall be made in any case within a period of less than one year after the date of release except where the sentence expires earlier thereto.

1955 N.M. Laws, Ch. 232, § 19 (emphasis added) (codified at N.M. Stat. Ann. § 41-17-30 (1953) (2d Repl. Vol. 6 1972) (recodified at N.M. Stat. Ann. § 31-21-16 (1978) (Original Pamph. 1978) (repealed 1979)). Under this statute there was no limit on parole for someone sentenced to life imprisonment. In 1977 the state legislature passed two conflicting parole laws. One law, Chapter 216, repealed the 1955 law's discharge provision. *See* 1977 N.M. Laws, Ch. 216, § 17 (repealing "Laws 1955, Chapter 232, Section 19") (effective July 1, 1979); *see also* N.M. Stat. Ann.

4

§ 31-21-16 (Cum. Supp. 1979) ("Repealed by L. 1977, Ch. 216 § 17."). In its place it provided, as relevant to Mr. Martinez, "Unless the board finds that it is in the best interest of society and the parolee to reduce the period of parole, a person who was convicted of a capital felony shall be required to undergo a minimum period of parole of five years"; but it did not specify a maximum parole term. 1977 N.M. Laws, Ch. 216, § 12(B). The second law, Chapter 217, amended part of the 1955 law but not the discharge provision quoted above. *See* 1977 N.M. Laws, Ch. 217 (effective June 21, 1977, *see Skidgel v. Hatch*, 301 P.3d 854, 856 (N.M. 2013)); N.M. Stat. Ann. § 31-21-16 (1978) (Original Pamph. 1978) (1955 law's discharge provision remains codified in 1978). In February 1980, presumably to resolve this contradiction, the legislature passed a new parole-discharge law; it adopted, verbatim, the provision from Chapter 216 providing that a capital felon like Mr. Martinez must "undergo a minimum period of parole of five years." 1980 N.M. Laws, Ch. 28, § 1(B). Current New Mexico law provides essentially the same: "Unless the board finds that it is in the best interest of society and the parolee to reduce the period of parole, a person who was sentenced to life imprisonment shall be required to undergo a minimum period of parole of five years." N.M. Stat. Ann. § 31-21-10(B) (1978).

We need not decide which law governs Mr. Martinez's parole. Because all possibly applicable New Mexico laws do not mandate a parole-discharge date, Mr. Martinez's complaint fails to state a claim upon which relief can be granted.

Mr. Martinez also makes two procedural arguments. First, he contends that the district court "erroneously made a judgment ruling on appellant's civil action only in an official capacity, failing to make a judgment in their individual capacity." Aplt. Br. at 8–9.[2] But this contention is factually incorrect. The district court assumed that Mr. Martinez brought his complaint against the officials in their individual capacities. *See Martinez*, 2022 WL 3019545, at *3 (applying law governing "a § 1983 action against a government agent in their individual capacity").

Second, Mr. Martinez argues that the defendants' failure to respond to his complaint violates New Mexico and federal law. *See* Aplt. Br. at 9. But this argument ignores a district court's screening function under the *in forma pauperis* statute. Because the court dismissed Mr. Martinez's complaint sua sponte, the defendants were not required to file a response. And we have previously held that "sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts." *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001).

We **AFFIRM** the decision of the district court.

Entered for the Court

Harris L Hartz
Circuit Judge

---

[2] Because Mr. Martinez's appellate brief is inconsistently paginated, we refer to the pagination introduced by the Tenth Circuit clerk's office.