**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 25, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MOREHEI PIERCE,

     Plaintiff - Appellant,

v.

(FNU) CANNON, EDCF EAI; (FNU)
GORMAN, Officer, CSI; WILLIAM
WADDINGTON, Former Warden
EDCF,

     Defendants - Appellees.

No. 24-3183
(D.C. No. 5:24-CV-04033-JAR-ADM)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **PHILLIPS**, and **McHUGH**, Circuit Judges.
_____

Morehei Pierce, proceeding pro se, alleges he was assaulted by his cellmate while he was an inmate at a Kansas Department of Corrections facility. He sued several officials under 42 U.S.C. § 1983, alleging they violated his rights by failing to respond to a risk of harm posed by his cellmate, who was a known sexual predator. The district court dismissed his complaint

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Pierce appeals the dismissal of his complaint, and exercising our jurisdiction under 28 U.S.C. § 1291, we affirm.

## BACKGROUND

Pierce alleges that while he was an inmate at El Dorado Correctional Facility (EDCF), a facility operated by the Kansas Department of Corrections, he was placed in a cell with another inmate who was a known sexual predator. Soon after Pierce was placed in the cell, the inmate produced a shank and threatened Pierce. Pierce reported the threat to Officer Gorman, an EDCF officer, who told Pierce that "he didn't give a fuck." R. vol. I, at 9.

Pierce's cellmate sexually assaulted him. After a physical examination, medical staff confirmed that he had been sexually assaulted. But Cannon, an EDCF investigator (for whom Pierce provides no first name), investigated the sexual assault and concluded that Pierce was not assaulted. Pierce alleged that Cannon's investigation was a "cover up." *Id.*

Pierce filed a complaint alleging a claim under 42 U.S.C. § 1983 for a violation of his civil rights. He sought money damages from these defendants: (fnu) Cannon, an EDCF officer; (fnu) Officer Gorman, an EDCF officer; William Waddington, the former Warden of EDCF; Kris Kobach, the Kansas

Attorney General; and Jeffrey Zmuda, the Secretary of the Kansas Department of Corrections.[1]

Because the court granted Pierce leave to proceed IFP, the magistrate judge screened his complaint under 28 U.S.C. § 1915(e)(2)(B). *Pierce v. Cannon*, No. 5:24-CV-04033-JAR-ADM, 2024 WL 2874590, at *1 (D. Kan. May 9, 2024). The magistrate judge liberally construed the complaint as asserting an Eighth Amendment claim for deliberate indifference against the five defendants. *Id.* at *2. The magistrate judge recommended ruling that the complaint adequately alleged facts to state a claim against Cannon, Gorman, and Waddington, but that it failed to allege sufficient facts against Kobach and Zmuda. *Id.* So the magistrate judge recommended that the district court dismiss Pierce's claims against Kobach and Zmuda, but allow his claims against Cannon, Gorman, and Waddington to proceed. *Id.* at *3. The district court adopted the recommendation and dismissed the claims against Kobach and Zmuda. *Pierce v. Cannon*, No. 5:24-CV-04033-JAR-ADM, 2024 WL 2842982, at *2 (D. Kan. June 5, 2024).

The remaining defendants—Cannon, Gorman, and Waddington—moved to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(1), for

---

[1] The complaint didn't specify whether Pierce was suing those defendants in their official or individual capacities. The district court construed the complaint to assert claims against the defendants in both capacities. *Pierce v. Cannon*, No. 5:24-CV-04033-JAR-ADM, 2024 WL 4803837, at *3 (D. Kan. Nov. 15, 2024).

lack of subject-matter jurisdiction; 12(b)(5), for improper service of process; and 12(b)(6), for failure to state a claim. The district court dismissed the official-capacity claim against each defendant for lack of subject-matter jurisdiction because of Eleventh-Amendment immunity. *Pierce v. Cannon*, No. 5:24-CV-04033-JAR-ADM, 2024 WL 4803837, at *3–4 (D. Kan. Nov. 15, 2024); *see* Fed. R. Civ. P. 12(b)(1). And the district court dismissed the individual-capacity claim against each defendant for failure to state a claim because the claims were time barred. *Pierce*, 2024 WL 4803837, at *4–5; *see* Fed. R. Civ. P. 12(b)(6). Because the district court dismissed the complaint on those two grounds, it did not address the defendants' argument for dismissal under Rule 12(b)(5). The district court entered judgment and Pierce timely appealed. On appeal, Pierce argues we should reverse the district court's decision and vacate the judgment. Op. Br. at 5; Reply Br. at 5.[2]

## ANALYSIS

We review de novo the district court's dismissal of a complaint for lack of subject-matter jurisdiction and for failure to state a claim. *Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007). Because Pierce proceeds pro se, "we review his pleadings and other papers liberally and hold them to a less

---

[2] Though Pierce filed his second brief before the defendants filed their response brief, we will treat it as a reply brief. The reply brief mostly repeats the arguments made in the opening brief. *See* Op. Br.; Reply Br.

stringent standard than those drafted by attorneys." *Id.* We will address both grounds of dismissal in turn.

The district court reasoned that it lacked subject-matter jurisdiction over Pierce's official-capacity claims because of Eleventh-Amendment immunity. *Pierce*, 2024 WL 4803837, at *3–4. The Eleventh Amendment bars claims brought against a state in federal court. U.S. Const. amend XI; *Williams v. Utah Dep't of Corrs.*, 928 F.3d 1209, 1212 (10th Cir. 2019). The "immunity extends to arms of the state and to state officials who are sued for damages in their official capacity." *Williams*, 928 F.3d at 1212. An exception to Eleventh-Amendment immunity exists if the plaintiff seeks prospective relief and alleges an ongoing violation of federal law. *Id.* at 1214.

As the district court noted, Pierce is a private individual seeking money damages from defendants in their official capacities. *See Pierce*, 2024 WL 4803837, at *4. He does not seek prospective relief. *See id.* Thus, we agree that Pierce's complaint lacks subject-matter jurisdiction for the official-capacity claims because the defendants are entitled to Eleventh-Amendment immunity.

For the individual-capacity claims, the district court concluded that Pierce failed to state a claim upon which relief can be granted because his claims were time barred. *Id.*; Fed. R. Civ. P. 12(b)(6). We borrow the state's statute of limitations for § 1983 actions. *Kripp v. Luton*, 466 F.3d 1171, 1174–75 (10th Cir. 2006). Here, Kansas's statute of limitations for analogous claims is two years. Kan. Stat. Ann. § 60-513(a)(4) (2024). To determine when the

two-year period begins to run, we look to federal law. *Kripp*, 466 F.3d at 1175. A § 1983 claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Id.* (internal quotation marks omitted). We also borrow a state's tolling rules in § 1983 actions unless doing so would defeat § 1983's goals. *Shrum v. Cooke*, 60 F.4th 1304, 1308 (10th Cir. 2023); *Robertson v. Wegmann*, 436 U.S. 584, 590–91 (1978). In response to the COVID-19 pandemic, Kansas suspended all statutes of limitation from March 19, 2020, through April 15, 2021. *See* Kan. Sup. Ct., Admin. Order No. 2021-RL-32 (Kan. Apr. 3, 2020); Kan. Sup. Ct., Admin. Order No. 2021-PR-020 (Kan. Mar. 30, 2021). We conclude that any associated tolling in that instance advances § 1983's goals of compensating persons injured by a deprivation of federal rights and preventing future abuses of power. *See Robertson*, 436 U.S. at 590–91. So we apply Kansas's suspension of the statutes of limitation here.

Pierce alleged that he was assaulted in 2020. He attached to his complaint an investigation status report detailing the assault, which he signed on November 13, 2020.[3] So the latest day that he learned of his alleged § 1983 injury was November 13, 2020. Applying Kansas's suspension of its statutes of limitations for the pandemic, Pierce's claims did not accrue until April 15,

---

[3] We will consider the status report because it is attached to the complaint, central to Pierce's claims, and its authenticity is not disputed. *E.W. v. Health Net Life Ins. Co.*, 86 F.4th 1265, 1286 n.3 (10th Cir. 2023).

6

2021, which means the statute of limitations expired two years later, on April 15, 2023. Pierce filed his complaint more than a year after that deadline, on April 23, 2024. His claims are time barred.

Because we find Pierce's claims should be dismissed under Rules 12(b)(1) and 12(b)(6), we don't address the defendants' argument for dismissal under Rule 12(b)(5).

## CONCLUSION

For the reasons we describe above, we affirm.

Entered for the Court

Gregory A. Phillips
Circuit Judge