**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**September 5, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

_____

TEVA PHARMACEUTICALS USA,
INC.,

     Plaintiff - Appellee,

v.

PHILIP J. WEISER, in his official capacity
as Attorney General of the State of
Colorado; PATRICIA A. EVACKO; ERIC
FRAZER; RYAN LEYLAND; AVANI
SONI; JAYANT PATEL; KRISTEN
WOLF; ANDREA ZUCCARELLI, in their
official capacity as members of the
Colorado State Board of Pharmacy,

     Defendants - Appellants.

No. 24-1035
(D.C. No. 1:23-CV-02584-DDD-JPO)
(D. Colo.)

_____

### ORDER AND JUDGMENT[*]

_____

Before **BACHARACH**, **BALDOCK**, and **CARSON**, Circuit Judges.

_____

Epinephrine auto-injectors, commonly known as "EpiPens," are lifesaving

medical devices that counter anaphylaxis, a potentially fatal allergic reaction. In 2023,

Colorado passed "An Act Concerning the Affordability of Epinephrine Auto-

Injectors." H.B. 23-1002, 74th Gen. Assemb., Reg. Sess. (Co. 2023). The Colorado

_____

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Legislature declared, "approximately 565,824 individuals" in Colorado suffer from "life-threatening food allergies," but "[m]any individuals are unable to afford an epinephrine auto-injector because they cannot pay the copayment amount required under their insurance plan or, if they are uninsured, the cost of an epinephrine auto-injector." *Id.* § 1(d), (f). Consequently, the Legislature enacted the Colorado epinephrine auto-injector affordability program "to provide low-cost epinephrine auto-injectors to eligible individuals." Colo. Rev. Stat. Ann. § 12-280-142(2). The program, effective January 1, 2024, allegedly takes property from pharmaceutical manufacturers without advance or contemporaneous compensation.

Plaintiff, Teva Pharmaceuticals, is a manufacturer of generic epinephrine auto-injectors and is subject to Colorado's affordability program. Ordinarily, Plaintiff sells its auto-injectors to distributors and wholesalers for around $300 per two-pack. Distributors and wholesalers then sell the auto-injectors to pharmacies at a marked-up price, and consumers purchase the auto-injectors from these pharmacies. Colorado's affordability program modifies this commercial exchange by limiting how much a pharmacy may charge qualifying uninsured individuals for a two-pack of epinephrine auto-injectors to $60. *Id.* § 12-280-142(7). This means a pharmacy receives at most $60 for a product that cost it much more than that to supply. To offset the pharmacy's loss, the program shifts the financial burden to manufacturers like Plaintiff.

Under the program's "reimburse or resupply" provision, pharmacies may recoup their losses by submitting a claim for reimbursement of a dispensed auto-injector to the manufacturer. *Id.* § 12-280-142(8)(a). The manufacturer then has a choice to either:

2

"(I) Reimburse the pharmacy in an amount that the pharmacy paid for the number of epinephrine auto-injectors dispensed through the program; or (II) Send the pharmacy a replacement supply of epinephrine auto-injectors in an amount equal to the number of epinephrine auto-injectors dispensed through the program." *Id.* § 12-280-142(8)(c)(I–II). In other words, the manufacturer must reimburse the pharmacy for the cost of the dispensed auto-injectors or resupply them. Any manufacturer that fails to comply with the reimburse or resupply requirement engages in a deceptive trade practice and is subject to a fine. *Id.* § 12-280-142(11)(a).

Plaintiff brought suit against the Colorado Attorney General and individual members of the Colorado State Board of Pharmacy in their official capacities. Plaintiff alleges the Colorado affordability program's reimburse or resupply requirement violates the Fifth Amendment's Takings Clause and seeks declaratory relief and an injunction barring Defendants from enforcing the program's reimburse or resupply requirement. Defendants moved to dismiss the case, arguing, among other things, that the Eleventh Amendment entitled Defendants to immunity from suit. The district court held the *Ex parte Young* exception to Eleventh Amendment immunity applied and denied their motion.[1] *See Ex parte Young*, 209 U.S. 123, 159–60 (1908). The sole question on appeal is whether *Ex parte Young* provides an exception to Defendants' Eleventh Amendment immunity here. *Verizon Maryland, Inc. v. Pub. Serv. Comm'n of*

---

[1] Plaintiff moved for a preliminary injunction. The district court denied Plaintiff's motion but left open the possibility of awarding Plaintiff injunctive relief later should its remedy at law prove inadequate as the case develops.

*Maryland* directs our inquiry into whether suit lies under *Ex parte Young*. 535 U.S. 635, 645 (2002). As Plaintiff's complaint satisfies the *Ex parte Young* inquiry set forth in *Verizon*, we exercise jurisdiction under 28 U.S.C. § 1291 via the collateral order doctrine and affirm the district court's denial of Defendants' motion to dismiss based on Eleventh Amendment immunity.

We review the denial of a motion to dismiss based on Eleventh Amendment immunity de novo. *Collins v. Daniels*, 916 F.3d 1302, 1315 (10th Cir. 2019). The Eleventh Amendment states, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend XI. When applicable, the Eleventh Amendment bars the exercise of federal subject matter jurisdiction. *See Williams v. Utah Dep't of Corr.*, 928 F.3d 1209, 1212 (10th Cir. 2019). The Eleventh Amendment "extends to arms of the state and to state officials who are sued for damages in their official capacity." *Id.* It not only bars suits brought by "Citizens of another State" but also "suits in federal court against a nonconsenting state brought by the state's own citizens." *Id.* And as relevant here, Eleventh Amendment immunity generally extends to claims arising under the Fifth Amendment's Takings Clause "as long as a remedy is available in state court." [2] *Id.* at 1213.

---

[2] Defendants argue that in *Williams* we held *Ex parte Young* does not extend to claims under the Fifth Amendment's Takings Clause where a just compensation remedy exists in state court. 928 F.3d at 1212–14. But they misconstrue our precedent. In *Williams*, an inmate sued the Utah Department of Corrections (UDOC) and prison

That said, "Eleventh Amendment immunity 'is not absolute.'" *Hendrickson v. AFSCME Council 18*, 992 F.3d 950, 965 (10th Cir. 2021) (quoting *Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 304 (1990)). In *Ex parte Young*, the Supreme Court recognized a narrow exception to Eleventh Amendment immunity "grounded in traditional equity practice." *Whole Woman's Health v. Jackson*, 595 U.S. 30, 39 (2021) (citing *Ex parte Young*, 209 U.S. at 159–60). *Ex parte Young* "allows certain private parties to seek judicial orders in federal court preventing state executive officials from enforcing state laws that are contrary to federal law." *Id.* "In determining whether the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon*, 535 U.S. at 645 (internal citation omitted).

Here, Plaintiff's complaint easily satisfies the *Ex parte Young* exception to Eleventh Amendment immunity under *Verizon*. Plaintiff alleges an ongoing violation of federal law—that the affordability program's reimburse or resupply requirement

---

officials claiming UDOC failed to pay prisoners interest earned on their prisoner funds in violation of the Takings Clause. *Id.* at 1211. We considered whether the Eleventh Amendment extended to takings claims and concluded it did "as long as a remedy is available in state court." *Id.* at 1213. Defendants take this to mean *Ex parte Young* cannot apply where a remedy exists in state court. But that is far from what *Williams* says. We held the Eleventh Amendment extends to takings claims as long as a remedy exists in state court, not that the traditional exceptions to Eleventh Amendment immunity do not apply. *Id.* at 1213–15. Indeed, we separately considered whether *Ex parte Young* applied as an exception to the inmate's suit and determined it did not under our "straightforward inquiry." *Id.* at 1214–15. That inquiry does not consider the availability of a state forum. *See Hill v. Kemp*, 478 F.3d 1236, 1256 (10th Cir. 2007).

violates the Fifth Amendment's Takings Clause. And Plaintiff seeks relief properly characterized as prospective—injunctive relief enjoining enforcement of the reimburse or resupply requirement against Plaintiff. *Ex parte Young* requires no more. *Id.*

Defendants argue injunctive relief is never available for a takings plaintiff as long as some remedy at law exists because compensation remedies are always adequate in takings cases. But our straightforward *Ex parte Young* inquiry under *Verizon* does not extend to an analysis of whether injunctive relief is available in a particular case. "The inquiry into whether suit lies under *Ex parte Young* does not include an analysis of the merits of the claim." *Id.* at 636–37. It is instead enough that Plaintiff "*seeks* relief properly characterized as prospective." *Id.* (emphasis added). *Id.* at 645. "The prayer for injunctive relief—that state officials be restrained from enforcing an order in contravention of controlling federal law—clearly satisfies our 'straightforward inquiry.'" *Id.*

Nor does our analysis of whether the requested relief is "properly characterized as prospective" invite inquiry into whether injunctive relief is ultimately available. *See id.* at 645–46. Relief is not properly characterized as prospective if, in substance, Plaintiff seeks retroactive relief, such as monetary damages resulting from a past liability of the state. *See Hill v. Kemp*, 478 F.3d 1236, 1259 (10th Cir. 2007). Consequently, we must evaluate whether the relief Plaintiff seeks is prospective "not just in how it is captioned but also in its substance." *Id.* But whether relief is "properly characterized as prospective" is a separate question from whether injunctive relief is warranted in a given case, and here, no question exists that Plaintiff *seeks* injunctive

6

relief to prevent enforcement of an allegedly unconstitutional act. While a court may not *award* injunctive relief unless no adequate remedy at law exists, *Ex parte Young* allows Plaintiff to seek it.[3]

We AFFIRM the district court's denial of Defendants' motion to dismiss based on Eleventh Amendment immunity and REMAND this case to the district court for further proceedings consistent with this order and judgment.

Entered for the Court


Bobby R. Baldock
Circuit Judge

---

[3] Defendants argue the Sixth and Eighth Circuits consider the adequacy of legal remedies in their *Ex parte Young* analysis, pointing to *Laborers' Int'l Union of N. Am., Loc. 860 v. Neff,* 29 F. 4th 325 (6th Cir. 2022), *Long v. Area Manager, Bureau of Reclamation*, 236 F.3d 910 (8th Cir. 2001), and *EEE Mins., LLC v. State of N. Dakota*, 81 F.4th 809 (8th Cir. 2023). We are not convinced the Sixth Circuit conflated the adequacy of a legal remedy with its *Ex parte Young* analysis in *Laborers' Int'l.* 29 F.4th at 334–35. Rather, the court first explained *Ex parte Young* would allow the suit for injunctive relief to proceed before next addressing why injunctive relief was not available in that particular case. *Id.* To the extent the Eighth Circuit considers the availability of an adequate remedy at law within its *Ex parte Young* analysis, we depart from it in adherence to the Supreme Court's directed "straightforward inquiry." *Verizon*, 535 U.S. at 645. But we note the Eighth Circuit applied *Ex parte Young* after holding a state remedy at law inadequate in a takings case similar to this one. *See Pharm. Rsch. & Manufacturers of Am. v. Williams*, 64 F.4th 932, 950 (8th Cir. 2023).